# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MILLARD WAYNE BAKER, JR.,

Plaintiff,

v.

SHIRELY, *et al.*,

Defendants.

Case No.  1:24-cv-01442-JLT-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

(ECF No. 12)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Millard Wayne Baker, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 17, 2025, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 11.)  Plaintiff's first amended complaint, filed on December 29, 2025, is currently before the Court for screening.  (ECF No. 12.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations in Amended Complaint

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison ("WSP") in Wasco, California.  Plaintiff names the following defendants: (1) Heather Shirely,[1] Warden at WSP; and (2) Scott Degough, Water Manager at WSP. Defendants are sued in their individual and official capacities.

In Claim 1, Plaintiff alleges as follows:  On December 20, 2023, Plaintiff was transferred to WSP under the care of Warden Shirley.  "Although it took weeks, [Plaintiff] learned that the water at Wasco was contaminated with 123 Trichloropropane (123 TCP) . . . a carcinogen known to cause cancer." (ECF No. 12 at 3.)  Plaintiff states, "I don't want cancer, nore [sic] did I want to engage with contaminated water.  Had I made the choice to stop drinking that water, I would die." (*Id.*)  Plaintiff asserts that "[t]he law as we know says 'water shall at all times be pure wholesome and potable.'" (ECF No. 12 at 3.)  Plaintiff further asserts "[t]he Warden did not drink the water; why would she when theirs [sic] other options." (*Id.*)  Plaintiff alleges that he was not afforded those options.  The Warden approved for bottled water to be sold in the canteen. Plaintiff asserts that was done in response to the contaminated water and the water was only safe

---

[1] Also spelled "Shirley" in amended complaint.  (*See* ECF No. 12 at 2.)

to drink in terms of "instant consequences." (*Id.*)  Plaintiff alleges that the longer term consequences are another story.  Plaintiff likens it to "Agent Orange," asserting that it was not until years later that the consequences of that contaminate became the demise of our soldiers.  Plaintiff alleges that so far, the prison says it is safe to drink, but that is not honest.  He asserts that the maximum contaminated levels that were established in 2017 were not for show, and the international agency for research on cancer determined the exposure level that will have adverse effects, e.g. cancer.  Plaintiff further asserts that the Water Resource Control Board set the Mcl of o.oooo5, and the contaminated levels at Wasco when Plaintiff was there were way beyond those levels.

Plaintiff argues that to say the Warden did not know of the health risk from drinking 123 TCP would be a slap in the face.  Plaintiff claims that the Warden prior to Defendant Shirely sat down with the Water Resource Control Board to come up with a plan to install the GAC system, which costs millions of dollars.  On May 5, 2022, W.M. Lyles won the construction bid and began work, but the work stalled, which is why 2 years later, Plaintiff and similarly situated individuals were exposed to the contaminated water.  Plaintiff alleges that even the psychological distress from drinking that water "was depressed" because of the force put upon him to drink that water while every other human that was not incarcerated brought their own canteens full of pure wholesome water.  (ECF No. 12 at 4.)  Plaintiff asserts that the bottled water on the canteen was not a panacea.  Plaintiff contends he should not have to pay marked up prices for simple drinking water.  Plaintiff alleges that the responsibility of the contaminated water was the Warden's just like all other responsibilities at WSP.  Plaintiff claims the Warden violated the Federal & State Clean Water Acts and is liable under § 1983 due to the unconstitutional conditions at her prison.  Plaintiff avers that the Warden "was clearly aware of the problem; had the water been contaminated at her house she would react to fix the issue and it wouldnt [sic] take 7 years to do." (*Id.*)

Plaintiff claims the Warden is liable for deliberate indifference, cruel or unusual punishment, and conditions of confinement.  Plaintiff also argues the Warden is not sued under respondeat superior.  Rather, he alleges the Warden is directly involved, has knowledge of the

issue, and presented a lack of action to fix or be in compliance with the laws.  Plaintiff further claims that the Warden is liable under California Civil Code 1714(a), premises liability, negligence, and strict liability.

In Claim 2, Plaintiff asserts that defendant Scott Degough "is only sued for negligence." (ECF No. 12 at 5.)  Plaintiff alleges that Scott Degough was the water manager whose duty it was to test and report the contaminated water levels at WSP.  Plaintiff further alleges that as with other responsibilities, the defendant had the duty to ensure the water supply at WSP was in compliance with state environmental rules, the EPA, and state water control board.  He also is responsible to report the contaminated water and write corrective action reports.  Plaintiff argues that due to the extended length of exposure and the lack of action from this defendant, he is liable for negligence.  Plaintiff alleges that WSP is not one of the 95 percent of all large public water systems in California in compliance with health based actions and the responsibility, in part, was Scott Degough's.  Plaintiff asserts that the law states that any person who operates a public water system must comply with primary & secondary drinking water standards.  Plaintiff also asserts that Health & Safety Code 116270(e) states that at all times drinking water shall be pure, wholesome and potable, but that has not happened under the watch of this defendant.  Plaintiff therefore contends that he is negligent.  Plaintiff indicates that in 2017 the maximum contaminant levels for 123 TCP changed and they anticipated resolving the problem within 3 years and yet 6 years later the problem was not solved.

Plaintiff contends that under Prop 65, no current injury is needed.  He also alleges that he filed with the Government Claims Board, but they did not respond.

As relief, Plaintiff requests a permanent injunction ordering Defendant Shirley to spend whatever it costs to install the GAC system within 1 year.  Plaintiff acknowledges that he no longer resides at WSP, but there are still similarly situated inmates experiencing contaminated water.  Plaintiff further seeks punitive and compensatory damages.

**III.    Discussion**

**A.      Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

4

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is short, but it is not a plain statement of his claims.  Plaintiff's allegations are conclusory and include both argument and commentary.  Plaintiff's complaint includes limited factual allegations regarding the actions or omission of the named defendants and the absence of sufficient factual matter is not sufficient to state claims for relief.

### B.      Supervisory Liability

Insofar as Plaintiff is attempting to sue the Warden or any other defendant, based solely upon his or her supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570.  Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other

5

grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pled, Plaintiff fails to state a claim against any defendant based on their supervisory roles.  Plaintiff fails to identify any policy sufficient to impose liability against any supervisory defendant, and fails to allege that any defendant directly participated in or directed the violations, or knew of the violations and failed to act to prevent them.  Plaintiff merely relies on these supervising defendants' responsibilities to ensure the safety and health of prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983.  *Iqbal*, 556 U.S. at 677.  Plaintiff's arguments and allegations that the Warden knew of the contaminated water are, at best, speculative and conclusory, including Plaintiff's allegation that the Warden's approval of the sale of bottled water in the canteen was done in response to the contaminated water.  Such conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.

**C.    Official Capacity**

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities.  "Suits against state officials in their official capacity . . . should be treated as suits against the State."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California).  An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted).  Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity."  *Id.* at 166 (emphasis in original).

"The Eleventh Amendment bars suits for money damages in federal court against a state,

6

its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Plaintiff's claims for monetary damages against the named defendants in their official capacities are barred by the Eleventh Amendment.

### D.      Eighth Amendment – Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive

risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Courts have long recognized that exposure to environmental conditions which pose a health risk, either present or future, can support a claim under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993) (environmental tobacco smoke); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (asbestos); *Carter v. Smith*, No. C–13–4373 EMC (pr), 2015 WL 4322317, at *7–11 (N.D. Cal. 2015) (lead paint and asbestos); *Yellen v. Olivarez*, No. CIV S–94–1298 GEB DAD P, 2012 WL 3757373, at *8 (E.D. Cal. 2012) (contaminated water), *adopted in full*, 2012 WL 4210030 (E.D. Cal. 2012); *Rouse v. Caruso*, No. 06–CV–10961–DT, 2011 WL 918327, at *24–25 (E.D. Mich. 2011) (contaminated water), *adopted in full*, 2011 WL 893216 (E.D. Mich. 2011).

Plaintiff fails to state a cognizable Eighth Amendment claim against the Warden. As noted above, Plaintiff has provided only conclusory allegations that the Warden was aware of the water quality issue or that the Warden failed to take any action regarding the continued contamination. Further, Plaintiff's own allegations and supporting documents suggest that an alternative water supply was not needed and there was not an immediate risk from drinking the water. (*See* ECF No. 12 at 3, 7.) Plaintiff also alleges that bottled water was made available in the canteen.

### E.      State Law Claims

Plaintiff attempts to bring a variety of claims under California state law, including violations of Proposition 65, California Health & Safety Codes, California Civil Codes, and

claims of gross negligence, strict liability, and intentional infliction of emotional distress. Plaintiff only asserts a negligence claim against Defendant Degough.  (*See* ECF No. 12 at 5.)

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, Plaintiff's amended complaint fails to state any cognizable federal claims.  It will therefore be recommended that the Court decline to exercise supplemental jurisdiction over any state law claims against Defendant Degough or any other defendant absent a cognizable federal claims and that those claims be dismissed without prejudice.

### F.    Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot.  Plaintiff is no longer housed at WSP, where he alleges the incident at issue occurred.  Therefore, any injunctive relief he seeks against the officials at WSP is moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### IV.    Conclusion and Recommendation

For the reasons stated, the Court finds that Plaintiff's first amended complaint fails to state a cognizable federal claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

It is HEREBY RECOMMENDED as follows:

1.  Plaintiff's claims arising under federal law be dismissed with prejudice for failure to state a cognizable claim upon which relief may be granted;

2.  The Court decline to exercise supplemental jurisdiction over the claims arising under state law and those claims be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**May 5, 2026**__               __/s/ *Barbara A. McAuliffe*__
                                                    UNITED STATES MAGISTRATE JUDGE

10